## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JAIME BEAHM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | No. _____ |
| | ) | |
| **AUTO OWNERS INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

**TO:** **The Judges of the United States District Court**
**for the Eastern District of Tennessee, Northern Division**

Please take notice that, pursuant to 28 U.S.C. §§1441 and 1446, Defendant Auto-Owners Insurance Company ("Auto-Owners"), by and through its undersigned attorneys, hereby files this Notice of Removal of the case entitled *Jaime Beahm v. Auto Owners Insurance Company*, pending as Docket No. 13-CV-85-IV in the Circuit Court for Sevier County, Tennessee ("State Court Action") on the following grounds:

1.      On February 15, 2013, Plaintiff Jaime Beahm ("Plaintiff") filed her complaint entitled *Jaime Beahm v. Auto Owners Insurance Company*, pending as Docket No. 13-CV-85-IV in the Circuit Court for Sevier County, Tennessee. Plaintiff alleges that Auto-Owners breached its contract with Plaintiff as the result of repairs performed at Plaintiff's home after a fire loss at the Plaintiff's home. *See* Plaintiff's Complaint, ¶¶3, 9-11.

2.      Auto-Owners was served with the Summons and Complaint in the State Court Action on or about February 21, 2013. A copy of the Summons and Complaint served upon Auto-Owners is attached as ***Exhibit 1*** to this Notice of Removal.

1

3.     This Notice of Removal is timely under 28 U.S.C. §1446(b) in that it is filed within thirty (30) days of service of the Complaint upon Auto-Owners. Auto-Owners is the sole defendant named in this action.

4.     Pursuant to 28 U.S.C. §1441(a), a civil action brought in a state court over which a United States District has original jurisdiction may be removed to that District Court embracing the place where such action is pending. Because the State Court Action was pending in the Circuit Court for Sevier County, Tennessee, this Court has removal jurisdiction, and venue is proper in this Court. *See 28* 28 U.S.C. §123(a)(1).

5.     Auto-Owners removes this action pursuant to 28 U.S.C. §§1332 and 1441 on the grounds in that there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.     Plaintiff is a citizen and resident of Sevier County, Tennessee. *See* Plaintiff's Complaint, ¶1.

7.     Defendant Auto-Owners is a Michigan corporation with its principal place of business in Lansing, Michigan.

8.     There is complete diversity of citizenship as Plaintiff is a citizen of Tennessee, and Defendant is a citizen of Michigan.

9.     The jurisdictional amount in controversy is satisfied as the amount at issue in this case exceeds $75,000.00, exclusive of interest in costs.

10.     Plaintiff's Complaint does not state an amount that she seeks to recover in her lawsuit.

11.     Plaintiff's Complaint alleges that Auto-Owners breached a contract with Plaintiff regarding repairs to Plaintiff's home. Plaintiff seeks the following damages for this breach of

2

contract: loss of use of her home; necessary rental expenses for alternate housing; mold damage to her home; inconvenience by the loss of use of her home; and ongoing and continuing injuries to Plaintiff and her property. *See* Plaintiff's Complaint, ¶¶11-13.

12.     Plaintiff's Complaint also seeks damages for "loss of use of her home, rental costs of alternative housing, and cost of remediation of the faulty repairs." *See* Plaintiff's Complaint, Prayer for Relief, ¶2.

13.     In support of its Notice of Removal, Auto-Owners submits a letter from Plaintiff's counsel to Craig Huff of Auto-Owners dated December 16, 2011. The letter includes a schedule of expenses that Plaintiff allegedly has incurred since vacating her home. The letter is signed by counsel for Plaintiff, and the enclosed document apparently was prepared by Plaintiff herself. The document details expenses allegedly incurred by Plaintiff. Plaintiff lists alleged expenses/damages incurred as of November 11, 2011 as being $271,255.19. Plaintiff categorizes her damages as: 1) the refinance of her home; 2) a stay at a cabin; 3) extra mileage and gas; 4) home mortgage for her home; 5) electric bills at her home; 6) rent for a rental house; 7) fencing materials and labor; 8) electric bills at her rental house; 9) additional gas and mileage incurred driving from the rental house; 10) gas and mileage for checking on her house; 11) purchase of another house; 12) loan for purchase of house; 13) house payments; 14) home insurance on a second home; 15) water bill for second home; 16) repairs to the second home; 17) home inspection for the second home; 18) deposit for electric services at the second home; 19) costs for plumbing and electrical services at the second home; 20) additional loans; and 21) moving expenses. By Plaintiff's own calculation, her out-of-pocket expenses/damages that she actually has paid total $86,239.07.

3

14.     The correspondence and documentation included as ***Exhibit 2*** to this Notice of Removal affirmatively establish that the amount in controversy in this matter exceeds $75,000.00 exclusive of interest and costs.

15.     The court may consider documentation produced in support of this Notice of Removal as Sixth Circuit precedent allows information regarding the amount in controversy to be developed through evidence submitted after the original complaint if the amount in controversy is not specified in the state court complaint. *See* e.g., *Great Tenn. Pizza Co. v. BellSouth Telecomm., Inc.*, No. 3:10-CV-151, 2011 U.S. Dist. LEXIS 46968, at *13 (E.D. Tenn. Apr. 29, 2011) (quoting *Havener v. Richardson*, 198 F.3d 245, at *2, 1999 U.S. App. LEXIS 26570 (6th Cir. 1999).

16.     Under Sixth Circuit precedent, a removing defendant satisfies the burden of removal and establishes the amount in controversy, "when it proves that the amount in controversy more likely than not exceeds $75,000.00." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).  The evidence submitted with this Notice of Removal establishes and proves that the amount in controversy in this case exceeds the sum or value of $75,000.00.

17.     In addition, lead counsel for Defendant Auto-Owners has handled, through his legal career, many cases involving state court complaints that do not specify the amount sought. Counsel for Auto-Owners can state that upon review of this Complaint, it is his reasoned view that the amount in controversy exceeds the sum or value of $75,000.00.

18.     The jurisdictional amount in controversy is satisfied in this case as the amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4

19.     Pursuant to, and in compliance with 28 U.S.C. §1446(b), and simultaneously with the filing of this Notice of Removal, Defendant has served written notice of such removal upon Plaintiff and will file a copy of this Notice of Removal with the Circuit Court for Sevier County, Tennessee.

20.     Defendant respectfully reserves the right to submit evidence supporting this Notice of Removal should Plaintiff move to remand.

WHEREFORE, notice is given that the State Court Action is removed from the Circuit Court of Sevier County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northern Division.

Respectfully submitted this 21st day of March, 2013.

WOOLF, McCLANE, BRIGHT, ALLEN &
CARPENTER, PLLC

By: s/Howard E. Jarvis
        Howard E. Jarvis, BPR No. 006673
        *jarvish@wmbac.com*
        Dean T. Howell, BPR No. 022130
        *howelld@wmbac.com*
Post Office Box 900
Knoxville, Tennessee  37901-0900
Telephone: (865) 215-1000

*Attorneys for Defendant Auto-Owners Insurance
Company*

785918.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2013, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

> Steven E. Marshall, Esq.
> Law Office of Steven E. Marshall, P.C.
> 1105 Blanton Drive
> Sevierville, TN 37862

s/ Howard E. Jarvis, Esq.

Howard E. Jarvis, Esq., BPR 006673

WOOLF, McCLANE, BRIGHT,
 ALLEN & CARPENTER, PLLC
Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000

785918.1