IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| JAIME BEAHM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:13-CV-00160 |
| | ) |
| AUTO OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Comes now Defendant Auto Owners Insurance Company ("Auto-Owners"), by and through counsel, and respectfully submits its Memorandum of Law in Support of its Motion to Dismiss. Auto-Owners respectfully moves the court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint filed against it in this action. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Plaintiff's claim for breach of contract fails to state a cause of action upon which relief can be granted because it assumes the existence of a contractual provision that allegedly requires Auto-Owners to 1) guarantee that a contractor who made repairs to an insured's home after a fire loss had the ability to make the repairs, (2) supervise the contractor, (3) inspect the contractor's work, and (4) guarantee that the damages were adequately repaired. Plaintiff's Complaint reveals a fundamental misunderstanding of the role of insurance.

Auto-Owners, as the Plaintiff's homeowner's insurer, provided insurance for fire losses, but the insurance contract between Plaintiff and Auto-Owners contained no contractual requirement that Auto-Owners guarantee the contractor's work, supervise the contractor, inspect

1

the work, and ensure that the damages were repaired. As an insurer, Auto-Owners' contractual obligation, as stated in the insurance policy, is to pay for covered damages. A review of Plaintiff's Complaint indicates that her true cause of action is against the contractor who, as stated in Plaintiff's Complaint, "negligently failed to reconnect the Plaintiff's drainage system cause raw sewage to drain underneath the Plaintiff's house." *See* Complaint (Doc. No. 1-1), ¶8.

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted for the following reasons:

1) The insurance contract between Auto-Owners and Plaintiff does not contain any contractual obligations for Auto-Owners as alleged by Plaintiff.

2) Auto-Owners did not and could not breach contractual provisions that do not exist in the insurance contract.

3) Any alleged breach of a contract by Auto-Owners was not the cause of Plaintiff's alleged damages.

4) Plaintiff's alleged damages are excluded under the insurance contract between Plaintiff and Auto-Owners.

5) Plaintiff's cause of action is barred by the contractual limitations period contained in the insurance contract between Plaintiff and Auto-Owners.

Plaintiff's claim is not a plausible claim for relief under the federal pleading standard, and Plaintiff's Complaint should be dismissed.

I. **FACTUAL BACKGROUND**

For the purposes of Auto-Owner's Motion to Dismiss, the facts at issue are taken from Plaintiff's Complaint and from the insurance policy which is referenced and referred to in Plaintiff's Complaint. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is

2

788871.2
Case 3:13-cv-00160 Document 6 Filed 04/18/13 Page 2 of 16 PageID #: 92

presented with a Rule 12(b)(6) Motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to Defendant's Motion to Dismiss as long as they are referred to in the Complaint and are central to the claims contained therein.").

Plaintiff contracted with Auto-Owners to provide Plaintiff with homeowners insurance under Policy No. 46-347-458-00. *See* Complaint, ¶3. In July of 2007, the Plaintiff suffered a fire loss at her home. *See id.*, ¶4. Auto-Owners made payments on the claim filed by Plaintiff pursuant to the insurance contract. *See id.*, ¶5. Certain repairs have been made to the Plaintiff's home, including repair to the plumbing system and specifically the drainage system. *See id.*, ¶7.

Plaintiff alleges in her Complaint that Auto-Owners selected any and all service providers to make the repairs on the Plaintiff's home and alleges that Auto-Owners employed James Randall White d/b/a Construction Consulting & Management to make repairs to the plumbing. *See id.*, ¶7. James Randall White negligently failed to reconnect the Plaintiff's drainage system causing raw sewage to drain underneath the Plaintiff's house. *See id.*, ¶8. Plaintiff alleges that Auto-Owners breached its contract with her in the following respects: (1) failing to ensure that James Randall White had the ability to make the repairs necessary; (2) failing to supervise James Randall White's work; (3) failing to inspect James Randall White's work; and (4) failing to make sure that the damages which led to the underlying claim were adequately repaired. *See id.*, ¶9. Plaintiff alleges that these alleged actions of Auto-Owners constitute a breach of the insurance contract between Plaintiff and Auto-Owners. *See id.*, ¶10.

Plaintiff alleges in her Complaint that the breach of contract by Auto-Owners was the proximate cause of the damages complained of in the Complaint. *See id.*, ¶11. Plaintiff's Complaint further makes allegations regarding the nature of the damages allegedly suffered by

Plaintiff. *See id.*, ¶¶12-13. Based upon these allegations, Plaintiff seeks judgment against Auto-Owners for the alleged breach of contract.

As is indicated by the allegations of Plaintiff's Complaint, the insurance policy is central to this case and Plaintiff alleges that Auto-Owners has breached the insurance policy. A copy of the insurance policy is attached as ***Exhibit 1*** to Auto-Owners Motion to Dismiss. ***Exhibit 1*** is the policy in effect for May 5, 2010 through May 5, 2011, which covers the time period when the damages were first allegedly discovered. *See **Exhibit 2*** to Notice of Removal (Doc. No. 1-2), p. 2. As the policy language below indicates, Auto-Owners' insurance policy applies to property damage which occurs during the policy term. The insurance policy at issue contains the following pertinent provisions:

### INSURING AGREEMENT

The attached Declarations describe the property **we** insure and the Coverages and Limits of Insurance for which **you** have paid a premium. In reliance upon **your** statements in the Declarations and application(s), **we** agree to provide insurance subject to all terms and conditions of this policy. In return, **you** must pay the premium and comply with all the terms and conditions of this policy. This policy applies to losses, **bodily injury, property damage** and **personal injury** which occur during the policy term shown in the Declarations.

### SECTION I – PROPERTY PROTECTION

1. **COVERAGES**

    a. **Coverage A – Dwelling**

    (1) **Covered Property**

    **We** cover:

    (a) **your** dwelling located at the **residence premises** including structures attached to that dwelling. This dwelling must be used principally as **your** private residence.

    (b) construction material and supplies at or next to **your residence premises** for use in connection with **your** dwelling or other structures insured under Coverage B – Other Structures.

4

788871.2

Case 3:13-cv-00160 Document 6 Filed 04/18/13 Page 4 of 16 PageID #: 94

(2)  **Property Not Covered**

We do not cover any land, including land **your** dwelling occupies.

2. **PERILS WE INSURE AGAINST**

   a. **Coverage A – Dwelling and Coverage B – Other Structures**

   **We** cover risk of accidental direct physical loss to covered property described under Coverage A – Dwelling and Coverage B – Other Structures except for losses excluded elsewhere in this policy.

3. **EXCLUSIONS**

   b. **Coverage A – Dwelling and Coverage B – Other Structures**

   Except as to ensuing loss not otherwise excluded, **we** do not cover loss resulting directly or indirectly from:

   (3) Faulty, inadequate or defective:

   (a) construction, reconstruction, repair, remodeling or renovation;

   (b) materials used in construction, reconstruction, repair, remodeling or renovation;

   (c) design, workmanship or specifications;

   (d) siting, surveying, zoning, planning, development, grading or compaction; or

   (e) maintenance;

   of a part or all of the **residence premises** or any other property.

6. **CONDITIONS**

   g. **SUIT AGAINST US**

   **We** may not be sued unless there is full compliance with all the terms of this policy. **Suit** must be brought within one year after the loss or damage occurs.

## II. STANDARD OF REVIEW OF RULE 12(B)(6) MOTION TO DISMISS

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a federal district court must determine if the complaint contains sufficient factual matter, accepted as true, that states a claim for relief "that is plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). The Supreme Court made clear in *Iqbal* that the pleading standard enumerated in *Twombly* covers "all civil actions" in the federal district courts. *See Iqbal*, 129 S. Ct. at 1953, 173 L. Ed. 2d at 887-88. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884 (citing *Twombly*, 550 U.S. at 555). Only if a complaint sets forth a plausible claim for relief will it prevail over a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1950, 173 L. Ed. 2d at 884 (citing *Twombly*, 550 U.S. at 556). The court is not required to accept legal conclusions as true in reviewing a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1950, 173 L. Ed. 2d at 884. Formulaic recitals of the elements of a cause of action are considered conclusory and are not entitled to be assumed to be true. *See id.* (citing *Twombly*, 550 U.S. at 554-55).

Additionally, a Rule 12(b)(6) motion to dismiss tests whether the plaintiff has stated a claim for which the law provides relief. *See Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).

## III. LAW AND ARGUMENT

Plaintiff's Complaint fails to state a claim for breach of contract upon which relief can be granted. First, The insurance contract between Auto-Owners and Plaintiff does not contain any contractual obligation for Auto-Owners to (1) ensure that James Randall White had the ability to make the repairs necessary; (2) to supervise James Randall White's work; (3) to inspect James Randall White's work; and (4) to ensure that the damages which lead to the underlying claim were adequately repaired. A review of the insurance contract does not reveal any language supporting these assertions. Second, Auto-Owners could not have breached contractual provisions not present in the contract between the parties. Third, according to the Complaint, the cause of Plaintiff's damages was the actions of the contractor and not Auto-Owners. Fourth, the insurance policy excludes coverage for the alleged damages allegedly incurred by Plaintiff. Finally, Plaintiff's claim is barred by the contractual limitations period contained in the insurance contract. As a result, Plaintiff's claim should be dismissed.

### A. Plaintiff's Claim Fails Because the Insurance Contract Does Not Include the Obligations Alleged by Plaintiff

The essential elements of a breach of contract claim under Tennessee law are as follows: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). Plaintiff's Complaint fails to state a claim because it does not state a plausible claim that Auto-Owners breached any contract it had with Plaintiff. The first reason Plaintiff's claim is not plausible is because there is not an enforceable contract between the parties contractually requiring Auto-Owners to undertake the obligations alleged in the Complaint. Plaintiff alleges that the contract between the parties contained four obligations for Auto-Owners, and each is addressed below.

1. <u>Insuring that James Randall White had the ability to make the repairs necessary</u>

Plaintiff's first allegation is that Auto-Owners breached a contract with Plaintiff by failing to ensure that James Randall White had the ability to make the repairs necessary. *See* Complaint, ¶ 9. A review of the insurance contract does not reveal a contractual provision whereby Auto-Owners had the obligation to ensure that any contractor who performed repair work on the Plaintiff's home had the ability to make those repairs. Instead, the insurance contract specifies that if covered property is damaged, including Plaintiff's residence, and no exclusion or limitation applies, Auto-Owners will pay for covered damages pursuant to the terms of the policy. The contractual language does not contain any requirement that in the event of a loss, Auto-Owners is to ensure that any replacement contractor had the ability to make the repairs necessary.

2. <u>Failing to supervise James Randall White's work</u>

Plaintiff's second allegation is that Auto-Owners breached a contract with Plaintiff by failing to supervise James Randall White's work. *See* Complaint, ¶9. A review of the insurance contract does not reveal any provision that obligates Auto-Owners to supervise a repair contractor's work. Instead, the insurance contract specifies that if covered property is damaged, including Plaintiff's residence, and no exclusion or limitation applies, Auto-Owners will pay for covered damages pursuant to the terms of the policy. The contractual language does not contain any requirement that in the event of a loss, Auto-Owners is to supervise the work of a repair contractor.

3. <u>Failing to inspect James Randall White's work</u>

Plaintiff's third allegation is that Auto-Owners breached a contract with Plaintiff by failing to inspect James Randall White's work. *See* Complaint, ¶ 9. A review of the insurance

8

788871.2

Case 3:13-cv-00160  Document 6  Filed 04/18/13  Page 8 of 16  PageID #: 98

contract does not reveal any provision that obligates Auto-Owners to inspect a repair contractor's work. Instead, the insurance contract specifies that if covered property is damaged, including Plaintiff's residence, and no exclusion or limitation applies, Auto-Owners will pay for covered damages pursuant to the terms of the policy. The contractual language does not contain any requirement that in the event of a loss, Auto-Owners is to inspect a repair contractor's work.

    4.    <u>Failing to make sure that the damages which led to the underlying claim were adequately repaired</u>

Plaintiff's fourth allegation is that Auto-Owners breached a contract with Plaintiff by failing to make sure that the damages which led to the underlying claim were adequately repaired. *See* Complaint, ¶9. A review of the insurance contract does not reveal any provision that obligates Auto-Owners to ensure that a repair contractor adequately repairs any damages that led to the underlying claim. Instead, the insurance contract specifies that if covered property is damaged, including Plaintiff's residence, and no exclusion or limitation applies, Auto-Owners will pay for covered damages pursuant to the terms of the policy. The contractual language does not contain any requirement that in the event of a loss, Auto-Owners is to ensure that a repair contractor repairs damages that led to the underlying claim.

Simply put, the insurance contract between the parties does not obligate Auto-Owners to undertake the alleged obligations set forth in Plaintiff's Complaint. As a result, there is no enforceable contract between the parties as to the alleged obligations in Plaintiff's Complaint. This is a fatal defect for Plaintiff's breach of contract claim, and it also renders Plaintiff's claim implausible under the federal pleading standard.

9

788871.2

Case 3:13-cv-00160 Document 6 Filed 04/18/13 Page 9 of 16 PageID #: 99

### B. Auto-Owners Did Not Fail to Perform Under its Insurance Contract

The second essential element of a breach of contract claim is "(2) nonperformance amounting to a breach of the contract." *ARC LifeMed, Inc.*, 183 S.W.3d at 26. Plaintiff's claim for breach of contract fails to satisfy this essential element and should be dismissed.

As set forth above, the insurance contract between Plaintiff and Auto-Owners does not contain any of the contractual obligations alleged in Paragraph 9 of Plaintiff's Complaint. As a result, Auto-Owners cannot "nonperform" an obligation that does not exist. In other words, Auto-Owners cannot breach a contractual provision that does not exist. Plaintiff's claim thus fails to satisfy this essential element and should be dismissed.

### C. Plaintiff's Complaint Demonstrates that Her Damages were not Caused by any Breach of Contract

The third essential element of a breach of contract claim is "(3) damages caused by the breach of the contract." *ARC LifeMed, Inc.*, 183 S.W.3d at 26. Plaintiff's Complaint clearly indicates the cause of her damages was "James Randall White negligently failed to reconnect the Plaintiff's drainage system causing raw sewage to drain underneath the Plaintiff's home." *See* Complaint, ¶8. Without the actions of James Randall White, as alleged by Plaintiff, Plaintiff's home does not suffer any further damages as a result of the repair work after the July 2007 fire. The "but for" cause of Plaintiff's damages is the negligence of the repair contractor. Under Tennessee law, a plaintiff can only recover damages for breach of contract "if defendant's breach of contract was the direct and proximate cause of the damages which plaintiff allegedly suffered." *See Hogan v. Dicicco*, No. 9, 1991 Tenn. App. LEXIS 599, at *13 (Tenn. Ct. App. July 31, 1999). The direct and proximate cause of Plaintiff's damages was, by her own allegation, the negligence of James Randall White.

Stated another way, the damages alleged by Plaintiff – loss of use of her home, rental expenses for alternate housing, and mold damage, *see* Complaint, ¶ 12 – occurred because of the presence of raw sewage underneath her house and not as the result of any actions by Auto-Owners. Nothing Auto-Owners did or did not do caused raw sewage to be beneath Plaintiff's home. As a result, Plaintiff's alleged damages were not caused by any breach of contract. This eliminates an essential element of Plaintiff's claim, and it renders Plaintiff's claim for breach of contract implausible.

D. **Plaintiff's Alleged Damages are Excluded from Coverage under the Insurance Contract**

The insurance contract between Auto-Owners and Plaintiff contains the following exclusion:

> b. **Coverage A – Dwelling and Coverage B – Other Structures**
>
> Except as to ensuring loss not otherwise excluded, we do not cover loss resulting directly or indirectly from:
>
> (3) Faulty, inadequate or defective:
>
> (a) construction, reconstruction, repair, remodeling or renovation
>
> (b) materials used in construction, reconstruction, repair, remodeling or renovation;
>
> (c) design, workmanship or specifications;
>
> (d) siting, surveying, zoning, planning, development, grading or compaction; or
>
> (e) maintenance;
>
> of a part or all of the residence premises or any other property.

A similar exclusion was analyzed in *Roy Anderson Corp. v. Westchester Fire Ins. Co.*, No. W2000-01489-COA-R3-CV, 2001 Tenn. App. LEXIS 545 (Tenn. Ct. App. July 26, 2001). In *Roy Anderson*, the insured sought to recover under a builders risk insurance policy obtained to

11

cover the construction of a federal correctional facility. *See id.* at *1. As a result of defective workmanship by a masonry subcontractor, the insured had to repair completed, non-defective work of other trades damaged by the masonry subcontractor. *See id.* The insured sought coverage for the repair costs, but the insurer denied coverage on the basis of faulty workmanship exclusions similar to the once set forth above. *See id.* at *2. A lawsuit ensued, and the trial court granted the insurer's motion for summary judgment on the basis of the faulty workmanship exclusion. *See id.* The insured appealed to the Tennessee Court of Appeals.

On appeal, the Court of Appeals affirmed the trial court's judgment on the grounds that the defective workmanship exclusion applied. *See id.* In analyzing the matter, the Court of Appeals agreed with the trial court's analysis:

> Based upon the defective workmanship exclusions and the above testimony, the trial court found the following:
>
> The language of this policy indicates to me that it's clearly of what I think is called a casualty policy and this is borne out by the expressed exclusions which are that they don't pay for things that result from things that are not, as the coverage clause says, accidental injury, which this is not.
>
> I don't think there's any ambiguity in this policy with definites (sic) to these Courts interpreting other policies and for that reason, I think the exclusion does apply and that there's no coverage.

*Id.* at *7-8. The Court of Appeals stated that it agreed with the trial judge's analysis and upheld the grant of summary judgment on the ground that the defective workmanship exclusion applies. *See id.* at *8.

The same analysis applies to Plaintiff's Complaint. While the insurance policy provides coverage for the fire and damages resulting from the fire, it excludes coverage for damages resulting from defective workmanship on the part of a contractor performing reconstruction, repair, remodeling or renovation. As the Complaint makes clear, the proximate cause of Plaintiff's damage was the negligent workmanship of the repair contractor in failing to reconnect

12

the Plaintiff's drainage system, which resulted in raw sewage draining underneath Plaintiff's house. *See* Complaint, ¶8. This is a fact taken directly from Plaintiff's Complaint, and it is to be taken as true by the Court in reviewing a motion to dismiss. Pursuant to the aforementioned exclusion, the insurance contract does not provide coverage for Plaintiff's alleged damages. On this basis, the Court should dismiss Plaintiff's Complaint.

E.  **Plaintiff's Complaint is Barred by the Contractual Limitations Period in the Insurance Contract**

*Exhibit 2* to the Notice of Removal filed in this case is a letter from Plaintiff's counsel to Craig Huff of Auto-Owners. It is dated December 16, 2011. It is part of the record of this case. *See Bassett*, 528 F.3d at 430 ("When a court is presented with a Rule 12(b)(6) Motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case . . . ."). The letter contains an explanation and calculation of damages that Plaintiff has incurred since having to vacate her home. *See **Exhibit 2*** to the Notice of Removal (Doc. No. 1-2). As is indicated in the explanation and calculation, Plaintiff's alleged damages were incurred as early as April 2011. *See* Doc. No. 1-2, page 2, first description (noting discovery of septic problems four months after December 2010). The explanation and calculation totals all damages "incurred up to November 2011." *See* Doc. No. 1-2, page 3, bottom of the page.

Plaintiff filed this lawsuit in state court on February 15, 2013. *See* Complaint, Doc. No. 1-1, page 1. The lawsuit was filed more than one year from:

1)  December 16, 2011 – the date of Plaintiff's counsel's letter to Craig Huff of Auto-Owners containing the "breakdown of expenses that Ms. Beahm has incurred since having to vacate her home." *See* Doc. No. 1-2, page 1.

13

2) November 2011 – the date listed in the "breakdown of expenses" indicating the total expenses incurred by Plaintiff. *See* Doc. No. 1-2, page 3.

3) April 2011 – the date identified in the "breakdown of expenses" as to when the alleged damages first occurred. *See* Doc. No. 1-2, page 2, firs description ("I refinanced 1524 Pilgrim Way in December of 2010 . . . . We found out less than four months later about the septic issues."). Four months after December 2010 is April 2011.

The insurance contract between Plaintiff and Auto-Owners contains the following contractual limitations period:

**6. CONDITIONS**

  **g. SUIT AGAINST US**

  We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs.

"It is undisputed that a contractually agreed limitations period in an insurance policy is valid and enforceable in Tennessee." *See Certain Underwriter's at Lloyd's of London v. Transcarriers Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002). Tennessee case law dating back to 1899 has held that parties to a contract may reduce the statutory period for filing suit. *See, e.g., Sharp v. Allstate Ins. Co.*, No. 02A01-9204-CV-00107, 1992 Tenn. App. LEXIS 860, at *4 (Tenn. Ct. App. Oct. 16, 1992) (citing cases dating back to 1899). The rule was stated by the Tennessee Court of Appeals in *State v. Evans*, 47 Tenn. App. 1, 13-14, 334 S.W.2d 337, 342 (1959):

  We think it is a well-established general rule that in the absence of a prohibitory statute, a contract provision is valid which limits the time for bringing suit, if a reasonable period of time is provided, and that the general statutes of limitations are not prohibitory of such contractual provisions between private individuals or corporations.

14

In *Morgan v. Town of Tellico Plains*, No. E2001-02733-COA-R3-CV, 2002 Tenn. App. LEXIS 790, at *8-14 (Tenn. Ct. App. Oct. 30, 2002), the Court of Appeals upheld the dismissal of plaintiff's claims on the grounds that plaintiff contractor failed to file his lawsuit within 60 days from the engineer's decision denying plaintiff contractor additional compensation as required by the contract between the parties. With 60 days being upheld as a reasonable limitations period by the Court of Appeals, a one year period is manifestly reasonable.

Plaintiff unquestionably was aware of the existence of her alleged damages as far back as April of 2011. Her counsel's letter of December 16, 2011 reveals that those damages had been quantified and were known to both Plaintiff and her counsel in December of 2011. Plaintiff's alleged loss or damage occurred prior to December 16, 2011. Plaintiff did not file suit against Auto-Owners until February of 2013. As a result, her Complaint is barred by the contractual limitations period contained in the insurance contract between Plaintiff and Auto-Owners.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted this 18th day of April, 2013.

    WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC

    By: *s/Dean T. Howell*
        Howard E. Jarvis, BPR No. 006673
        *jarvish@wmbac.com*
        Dean T. Howell, BPR No. 022130
        *howelld@wmbac.com*
    Post Office Box 900
    Knoxville, Tennessee 37901-0900
    Telephone: (865) 215-1000

    *Attorneys for Defendant Auto-Owners Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2013, a copy of the foregoing Defendant Auto-Owners Insurance Company's Memorandum of Law in Support of Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                s/ Dean T. Howell, Esq.

                Dean T. Howell, Esq., BPR 022130

WOOLF, McCLANE, BRIGHT,
  ALLEN & CARPENTER, PLLC
Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000