IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| JAIME BEAHM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:13-CV-00160 |
| | ) |
| AUTO OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Comes now Defendant Auto Owners Insurance Company ("Auto-Owners"), by and through counsel, and respectfully submits its Reply Memorandum of Law in Support of its Motion to Dismiss in reply to Plaintiff's Response to Defendant, Auto-Owners Insurance Company's Motion to Dismiss (Doc. No. 10) and Plaintiff's Memorandum of Law in Support of Plaintiff's Response to Defendant, Auto-Owners Insurance Company's Motion to Dismiss (Doc. No. 10-1) ("Plaintiff's Memorandum").

**1.      Plaintiff Does Not Dispute That Her Claims Fail to State a Claim**

As set forth on pages 7-9 of Auto-Owners' Memorandum of Law in Support of Motion to Dismiss (Doc. No. 6), the actual claims made by Plaintiff for breach of contract in Paragraph 9 of the Complaint do not state a claim upon which relief can be granted. Plaintiff does **NOT** dispute this in Plaintiff's Memorandum. With her response, Plaintiff admits that the causes of action set forth in Paragraph 9 do not state a claim. As a review of the Complaint makes clear, Paragraph 9 is the only place in the Complaint where Plaintiff actually states the specific allegations of what she contends constitutes the alleged breach of contract. Auto-Owners explained in its initial

1

memorandum that those allegations do not state a claim for relief and need not repeat the same herein, and Plaintiff has not challenged this argument. As Plaintiff has conceded this point, the Court should grant Auto-Owners' Motion to Dismiss on this basis alone.

**2.     Plaintiff's Claim is Barred by the Contractual Limitations Period in the Policy**

As set forth in Auto-Owners' Memorandum, Plaintiff's claim is barred by the one-year contractual limitations period in the Policy. *See* Doc. No. 6, p. 13-15. Plaintiff's sole response to this argument is found on pages 4 and 5 of Plaintiff's Memorandum. There Plaintiff asserts – without any legal support or citation whatsoever – that the contractual limitations period does not apply because the damages are alleged to be ongoing, resulting in a tolling of the limitations period. This argument is without any merit.

As indicate by the evidence in record of this case (Doc. No. 1-2), Plaintiff knew of the alleged damage to her residence as of April 2011 and certainly by November 2011. She did not file this action until February 15, 2013. That is well beyond the one-year limitations period, as the policy states that "Suit must be brought within one year after the loss or damage occurs." *See* Doc. 5-1, p. 31. Plaintiff's Complaint should be dismissed on this basis.

Plaintiff tries to get around the fact that her claim is barred by the limitations period by arguing that the damage is to her residence is continuing in nature and this tolls the limitations period. This contention ignores the very allegations made by Plaintiff. First, Plaintiff is alleging that Auto-Owners' breached its insurance contract with Plaintiff, specifically by the alleged acts in Paragraph 9 of the Complaint. Claims of breach of contract accrue as of the date of the breach and not as of the date of any damage resulting from the breach. *See Taylor v. Metro. Gov't of Nashville & Davidson County*, No. M2007-01774-COA-R3-CV, 2008 Tenn. App. LEXIS 747, at *18 (Tenn. Ct. App. Dec. 19, 2008) ("[T]he cause of action . . . for the breach of a contract . . .

2

accrues immediately upon the happening of . . . the breach, even though the actual damage resulting therefrom may not occur until some time afterwards.") (quoting *State use of Cardin v. McClellan*, 113 Tenn. 616, 85 S.W.267, 269 (1904)). "A breach of contract gives rise to a cause of action by the aggrieved party. The statute of limitations begins to run as of the date of the breach." *Greene v. THGC, Inc.*, 915 S.W.2d 809, 810 (Tenn. Ct. App. 1995). As Plaintiff's claim is a claim for breach of contract, the cause of action accrued as of the date of the breach, even if additional damages later manifested as a result of the alleged brief. As the record of this case indicates, Plaintiff was aware of the breach and damages as of April or November 2011. *See* Doc. No. 3-1, p. 14. Moreover, both Plaintiff and her counsel were aware of the alleged breach and damages as of December 16, 2011. *See* Doc. No. 3-1, p. 13. However, Plaintiff did not file this action until 2013, and her claim is untimely under the contractual limitations period in the policy.

Second, as can be seen in Plaintiff's Memorandum, Plaintiff is attempting to turn this case into a different claim – a claim for breach of the insurance contract by failing to pay under certain coverages of the policy. Tennessee law is very clear as to when such a claim accrues and how long an insured has to bring such a claim.

Under the policy in this case, in the event of a property loss the insured is required to submit a signed and sworn proof of the loss within 60 days after the loss. *See* Doc. No. 5-1, p. 39, ¶ 1.d. The policy also states that the insurer will pay within 60 days after it receives the insured's proof of loss." *See* Doc. No. 5-1, p. 31, ¶ 6.f. The effect of these two policy provisions is to create a 120-day period during which the claim can be resolved. Tennessee courts have interpreted such provisions as providing for a 120-day extension of the applicable contractual limitations period in an insurance policy. *See, e.g. Certain Underwriter's at Lloyd's of London*

*v. Transcarriers Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002) ("We have interpreted insurance policies containing language requiring a claim to be brought within so many days after a property loss, but which protect the insurer from suit until after a settlement period, as meaning that suit must be brought within so many days after the cause of action accrues. Since the settlement period provides a period of immunity during which the insured may not bring suit, the cause of action has been construed as accruing once the immunity period has expired, rather than on the date of the actual loss.").

Once the 120 day period during which Auto-Owners is immune from suit expires, the Plaintiff's cause of action accrued. The Tennessee Court of Appeals in *Transcarriers Inc.* set forth the interplay of the immunity period and the accrual of a cause of action:

> The immunity period therefore postpones the accrual of the insured's action. Once the action has accrued, the limitations period begins to run. If an insurer neither pays nor denies a claim brought by its insured, a suit against the insurer may be sustained upon expiration of the settlement of loss/immunity period. **Accordingly, the contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, whichever comes first.**

107 S.W.3d at 500 (citations omitted) (emphasis added).

The holding in *Transcarriers Inc.* was followed in *Burton v. Nationwide Ins. Co.*, No. 1:07-CV-129, 2007 U.S. Dist. LEXIS 82501 (E.D. Tenn. Nov. 6, 2007). The insurance policy provisions in *Burton* are similar to those in the Policy. The policy in *Burton* provided that the insured had 60 days to submit a proof of loss and that the insurer had 60 days from the receipt of the proof of loss to pay for the loss. *See id.* at *4-5. The policy in *Burton* also contained a one-year contractual limitations period. *See id.* at *5. The court determined that the 60-day period for submission of a proof of loss plus the 60-day period for payment of the loss constituted an "immunity period" that is a 120-day "contractually-created period of time during which an

4

insurer is immune from litigation while it investigates, evaluates, and may negotiate to settle the claim." *Id.* at *11; *see also Brick Church Transmission, Inc. v. S. Pilot Ins. Co.*, 140 S.W.3d 324,329-30 (Tenn. Ct. App. 2003) (applying same holding of *Transcarriers Inc.*).

In the case at bar, Plaintiff was aware of her alleged property loss as of April of 2011. At the point she became aware of her alleged loss, she could submit a proof of loss. Under Tennessee law, the terms of the policy resulted in a 120-day period after the date of the loss during which Plaintiff and Auto-Owners could resolve the claim. If no resolution was reached by the end of the 120-day period, Plaintiff's cause of action accrued and the limitations period began to run. As the record in this case indicates, Plaintiff was aware of her alleged property damage in April of 2011. Using April 30, 2011 as the date of discovery of the alleged loss, Plaintiff had one year and 120 days – to August 28, 2012 - to file suit over the alleged loss. Plaintiff did not file suit within that time period, and her claim is barred by the contractual limitations period in the Policy.

### 3. Plaintiff's Complaint Fails to Satisfy the Federal Pleading Standard

In Plaintiff's Memorandum, Plaintiff argues that her Complaint satisfies the federal pleading standard established by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). The gist of this argument is found on pages 3 and 4 of her memorandum. Plaintiff asserts that "Plaintiff may plausibly be able to prove a breach of contract at this stage of the proceeding" because "the insurance contract includes the obligation of the Defendant to cover the Plaintiff's claim." *See* Doc. No. 10-1, p. 3-4. Not only is this argument unsupported by the insurance policy at issue, it also ignores the very allegations of her Complaint.

Plaintiff's argument is premised on the contention that the allegation in the complaint is that Auto-Owners failed to pay for damages under the fungi, wet rot, dry rot and bacteria coverage provided by the policy and thus breached its contract with Plaintiff. Such allegations are completely absent from the Complaint. Instead, the allegations set forth plainly in Paragraph 9 of the Complaint all focus on repair contractor James Randall White:

> Plaintiff avers that the Defendant, Auto-Owners Insurance Company, breached its contract with Plaintiff in the following respects: (1) Failing to insure that James Randall White had the ability to make the repairs necessary. (2) Failing to supervise James Randall White's work. (3) Failing to inspect James Randall White's work. (4) Failing to make sure that the damages which led to the underlying claim were adequately repaired.

All of these allegations focus on the repair work performed by James Randall White. As Plaintiff candidly alleges in Paragraph 8 of her Complaint, James Randall White was negligent in allegedly failing to reconnect the drainage system resulting in raw sewage draining beneath Plaintiff's home.

At no point does the Complaint allege that Auto-Owners breached its contract by failing to make payments under the fungi, wet rot, dry rot, and bacteria coverage of the policy. That allegation is not present in the Complaint. The words "wet rot," "dry rot," "fungi," and "bacteria" are not found in Plaintiff's Complaint. As for the allegations that are actually present in the Complaint, Auto-Owners set forth on pages 7-9 of its initial memorandum why the allegations regarding James Randall White do not state a claim upon which relief can be granted against Auto-Owners. Those arguments need not be repeated here, for as the Court can plainly see from Plaintiff's memorandum, those arguments are neither addressed by nor refuted by Plaintiff.

Plaintiff's argument amounts to an attempt to side-step the allegations of the Complaint and to rely upon allegations not found in the Complaint. The Court should not permit this

practice. Moreover, Plaintiff – by making this argument and ignoring Auto-Owners' arguments concerning the actual allegations in Paragraph 9 of the Complaint – has essentially admitted that Auto-Owners is correct that the very breach of contract allegations in Paragraph 9 do not state a claim upon which relief can be granted under *Iqbal*, *Twombly*, and Rule 12(b)(6). Auto-Owners' Motion to Dismiss should be granted on this basis.

### 4. The Fungi, Wet Rot, Dry Rot, and Bacteria Coverage in the Policy Does Not Save Plaintiff's Breach of Contract Claim

As noted above, Plaintiff's Complaint at no point makes any allegations regarding the fungi, wet rot, dry rot, and bacteria coverage provided in the policy. These allegations are not part of the pleading at issue – Plaintiff's Complaint – and should not be considered by the Court as they are not part of the Complaint. This assertion is raised for the very first time in Plaintiff's response to the Motion to Dismiss.

Despite being raised for the first time in a response brief, the fungi, wet rot, dry rot, and bacteria limited coverage ("Limited Fungi Coverage")[1] does not apply to provide coverage to Plaintiff based upon the facts set forth in the Complaint. The Limited Fungi Coverage only applies if the fungi, wet rot, dry rot or bacterial loss follows prior accidental direct physical loss caused by a peril insured against in the policy. But the allegations of the Complaint allege in plain English that the cause of the damages to Plaintiff's residence was the alleged breach of the insurance contract by Auto-Owners. *See* Complaint, Doc. No. 3-1, ¶ 11 ("Plaintiff avers that the breach of contract by the Defendant was a proximate cause of the damages complained of herein."). Breach of contract is not a peril insured against under the policy. Breach of contract is

---

[1] The policy provisions for Limitation – Fungi, Wet Rot, Dry Rot and Bacteria are found in the policy and are part of the record of this case at Doc. No. 5-1, p. 10-11.

7

not an accidental direct physical loss and thus is not a peril insured against under the policy. *See* Doc. No. 5-1, Section 2 (listing perils insured against).

Even if James Randall White's work is considered the cause of the fungi, wet rot, dry rot or bacteria damage to Plaintiff's residence as is alleged in Paragraph 8 of the Complaint, then the exclusion for faulty, inadequate, or defective repair, remodeling, renovation or construction applies to exclude coverage for the damage:

3. **EXCLUSIONS**

   b. **Coverage A – Dwelling and Coverage B – Other Structures**

   Except as to ensuing loss not otherwise excluded, **we** do not cover loss resulting directly or indirectly from:

   (3)  Faulty, inadequate or defective:

   (a)  construction, reconstruction, repair, remodeling or renovation;

   (b)  materials used in construction, reconstruction, repair, remodeling or renovation;

   (c)  design, workmanship or specifications;

   (d)  siting, surveying, zoning, planning, development, grading or compaction; or

   (e)  maintenance;

   of a part or all of the **residence premises** or any other property.

*See* Doc. No. 5-1, p. 10.

As this exclusion applies, the peril at issue – the negligence of James Randall White in his repair, remodeling, and renovation – is not a peril insured against under the Limited Fungi Coverage. The policy excludes coverage for this peril, and thus it cannot trigger coverage under the Limited Fungi Coverage. As a result, the Limited Fungi Coverage does not apply.

The same analysis applies to another exclusion contained in the policy. If the damages at issue are allegedly the result of mold and the alleged cause is the leak of sewage (containing

8

water) and water from the septic connection beneath the house over a period of time (dating back to April 2010 by Plaintiff's own words), then the exclusion for constant or repeated seepage or leakage of water applies:

3. **EXCLUSIONS**

   b. **Coverage A – Dwelling and Coverage B – Other Structures**

   Except as to ensuing loss not otherwise excluded, **we** do not cover loss resulting directly or indirectly from:

   (6) Constant or repeated seepage or leakage of water or steam from within a plumbing, heating, air conditioning or automatic fire protection sprinkler system or from within a domestic appliance which occurs over a period of weeks, months, or years.

*See* Doc. No. 5-1, p. 11. Plaintiff's Memorandum clearly states that the damage is ongoing, *see* Plaintiff's Memorandum, p. 5, and as the evidence in the record of the case indicates, Plaintiff knew of this damage as of April 2011. *See* Doc. No. 3-1, p. 14. Moreover, with the seepage or leakage dating back to April 2011, it would be considered to be constant or repeated from that date forward. The damage thus resulted from constant or repeated seepage or leakage of water from within a plumbing system. This is not a covered cause of loss that would trigger the Limited Fungi Coverage.

**5.    Conclusion**

Plaintiff's Complaint should be dismissed with prejudice. Plaintiff's Response essentially concedes that her original claims do not state a claim upon which relief can be granted, and her claims are barred by the one-year contractual limitations period contained in the policy. In her Response, Plaintiff has attempted to change the very allegations of her Complaint to make this case about mold damage. The Court should not endorse such a practice, and, as demonstrated herein, the Limited Fungi Coverage does not apply to provide coverage for Plaintiff in any event. For these reasons and for the reasons set forth in Auto-Owners' initial

9

memorandum (Doc. No. 6), Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted this 10th day of June, 2013.

> WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
>
> By: *s/Dean T. Howell*
> Howard E. Jarvis, BPR No. 006673
> *jarvish@wmbac.com*
> Dean T. Howell, BPR No. 022130
> *howelld@wmbac.com*
> Post Office Box 900
> Knoxville, Tennessee 37901-0900
> Telephone: (865) 215-1000
>
> *Attorneys for Defendant Auto-Owners Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2013, a copy of the foregoing Defendant Auto-Owners Insurance Company's Reply Memorandum of Law in Support of Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

> s/ Dean T. Howell, Esq.
>
> Dean T. Howell, Esq., BPR 022130
>
> WOOLF, McCLANE, BRIGHT,
>   ALLEN & CARPENTER, PLLC
> Post Office Box 900
> Knoxville, Tennessee 37901-0900
> (865) 215-1000