UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| JAMIE BEAHM, | ) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | ) | 3:13-cv-160-JMH |
| AUTO OWNERS INSURANCE CO., | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

\*\*\*

This matter is before the Court on Defendant Auto Owners Insurance Company's (Auto Owners) motion to dismiss. (D.E. 5). Plaintiff has responded (D.E. 10) and Defendant has replied. (D.E. 11). Thus, this matter is ripe for decision. For the reasons which follow, Defendant's motion will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Jaime Beahm contracted with Defendant Auto Owners for homeowners insurance for her home at 1524 Pilgrim Way in Sevierville, Tennessee. (D.E. 1-1 at 2). In July 2007, Plaintiff incurred a fire loss at this home. (D.E. 1-1 at 2). Defendant made payments on the claim filed by Plaintiff and arranged for repairs to be made, including repairs to the plumbing and the drainage systems. (D.E. 1-1 at 2). Defendant selected all of the service

1

providers who made repairs on the home, and specifically employed James Randall White to make plumbing repairs. (D.E. 1-1 at 2). Mr. White failed to reconnect Plaintiff's drainage system properly, which caused raw sewage to drain under Plaintiff's home. (D.E. 1-1 at 2). At her admission, Plaintiff discovered these issues around April 2011. (D.E. 1-2 at 2) (noting that she discovered septic problems around four months after she refinanced her home in December 2010).

Plaintiff filed suit in the Circuit Court for Sevier County, Tennessee, on February 12, 2013, and Defendant removed to this Court. (D.E. 1). In Plaintiff's Complaint, she argues that Defendant breached the insurance contract by 1) failing to ensure that White had the ability to make the necessary repairs; 2) failing to supervise White while making those repairs; 3) failing to inspect White's work; and 4) failing to make sure the "damages which led to the underlying claim were adequately repaired." (D.E. 1-1 at 2). Defendant filed the instant motion to dismiss. (D.E. 5).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most

2

favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 570).

**III. ANALYSIS**

In the motion to dismiss, Defendant argues that Plaintiff's Complaint is barred by a contractual limitation clause in the insurance policy. Specifically, Defendant relies on section 6(g) of the insurance contract, which states as follows: "We [Auto Owners] may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs." (D.E. 5-1 at 31). The Court agrees that this contractual limitation bars Plaintiff's claim.

Because this action is in this Court on the basis of diversity jurisdiction, state substantive law, and, thus, Tennessee law, applies. *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir. 2000) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Under Tennessee law "a policy for insurance is generally reviewed under

3

contract principles." *Certain Underwriter's at Lloyd's of London v. Transcarriers Inc. ("Lloyds")*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002). Further, when dealing with insurance contracts specifically, contractual limitations periods are valid and enforceable so long as a reasonable period of time is provided for the plaintiff to bring suit. *Id.* at 499 ("It is undisputed that a contractually agreed limitations period in an insurance policy is valid and enforceable in Tennessee."); *see also Brick Church Transmission, Inc. v. Southern Pilot Ins. Co.*, 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003); *State v. Evans*, 334 S.W.2d 337, 342 (Tenn. Ct. App. 1959).

"[A] contractual limitations period begins to run upon accrual of the cause of action." *Transcarriers*, 107 S.W.3d at 499 (citing *Phoenix Ins. Co. v. Fidelity & Deposit Co.*, 37 S.W.2d 119 (Tenn. 1931)). "The accrual date varies depending upon the language of the policy and the actions of the insured and insurer in relation to that policy." *Burton v. Nationwide Ins. Co.*, No. 1:07-CV-129, 2007 WL 3309076, at *3 (E.D. Tenn. Nov. 6, 2007). Specifically, "[i]f no proof of loss is filed, the insured's cause of action accrues when the insurer denies the claim," a process referred to as the *Das-Phoenix* accrual date. *Id.* (citing *Das v. State Farm Fire & Cas. Co.*, 713 S.W.2d 318,

4

322 (Tenn. Ct. App. 1986); *Phoenix Ins. Co. v. Brown*, 381 S.W.2d 573, 575 (Tenn. Ct. App. 1964)). However, if the insured files a proof of loss, "the contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, *whichever comes first*." *Id.* (quoting *Lloyds*, 107 S.W.3d at 500)).

The insurance contract in this case provided Plaintiff with a sixty-day window to report proof of loss to Defendant. (D.E. 5-1 at 39). Although Plaintiff discovered the issues caused by Mr. White's faulty repair sometime in April 2011, she never filed a proof of loss with Defendant as required by the policy. (D.E. 1-2); (D.E. 14 at 1).[1] Therefore, the *Das-Phoenix* rule applies, and Plaintiff's claim accrued on the date that Defendant denied her claim. Viewing the facts most favorably to

---

[1] Although Plaintiff did eventually file a list of her expenses with Defendant, she did not do so until well after the sixty-day period, on December 16, 2011. (D.E. 14). Tardiness aside, it is doubtful that this list of expenses qualifies as a proof of loss under Tennessee law, which requires a proof of loss to be sworn. *Cox v. Tenn. Farmers Mut. Ins. Co.*, 297 S.W.3d 237, 246 (Tenn. Ct. App. 2009) (holding that the insured breached the insurance contract by failing to provide a sworn proof of loss within the sixty-day time frame provided in the insurance contract). Regardless, even if this Court were to ignore the tardiness and conclude that this list of expenses qualifies as a proof of loss, the contractual statute of limitations would have still began on the date that Defendant denied her claim pursuant to the *Lloyds* rule, and Plaintiff's claim would still be time-barred. *Lloyds*, 107 S.W.3d at 500.

5

Plaintiff, her attorney received Defendant's denial on February 9, 2012, giving Plaintiff until February 9, 2013, to file a claim. (D.E. 14-2 at 1). Therefore, because Plaintiff did not file her claim until February 12, 2013, her claim is barred by the contractual statute of limitations.

Although contractual limitations periods must provide the insured with a reasonable time to bring suit, there is no question under Tennessee law that a one-year contractual statute of limitations period is reasonable. Indeed, in *Morgan v. Town of Tellico Plains*, No. E2001-02733-COA-R3-CV, 2002 WL 31429084 (Tenn. Ct. App. Oct. 30, 2002), the court found a sixty-day contractual limitations period to be reasonable. *Id.* at *4; *see also Lloyds*, 107 S.W.3d at 497-498 (applying a one-year contractual limitations period); *Roberts v. Allstate Ins. Co.*, No. 2:09-0016, 2009 WL 2851017, at *5 (M.D. Tenn. Aug. 29, 2009) (one-year contractual limitations period); *Burton v. Nationwide Ins. Co.*, No. 1:07-CV-129, 2007 WL 3309076, at *3—4 (E.D. Tenn. Nov. 6, 2007) (one-year contractual limitations period).

Plaintiff's only response to Defendant's contractual limitation argument is that "Defendant is relying upon the language of the insurance contract, to argue that the claim is barred by the contract, while ignoring the rest of the

6

contract." (D.E. 10-1 at 4).  However, Plaintiff articulates the very reason why her claim should be dismissed.  As discussed above, basic contract principles protect the integrity of the contractual limitation period in her contract, and dictate that because Plaintiff did not file suit within the time frame agreed to in the contract, her claim should be dismissed.

**IV. CONCLUSION**

Accordingly, **IT IS ORDERED:**

(1) that Defendant's Motion to Dismiss (D.E. 5) is **GRANTED;**

(2) that Plaintiff's Complaint (D.E. 1) is **DISMISSED WITH PREJUDICE.**

This the 1st day of August, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge